Filed 12/26/23  FP Contracting v. Doo-Rite Painting CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FP CONTRACTING, INC.,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>DOO-RITE PAINTING, INC.,<br><br>    Cross-defendant and Respondent. | B322722<br><br>(Los Angeles County Super. Ct. No. BC616313) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Murchison & Cumming and Darin W. Flagg for Cross-complainant and Appellant.

Schlichter, Shonack & Keeton, Steven C. Shonack and Joel L. Williams for Cross-defendant and Respondent.

————————————————

This is an appeal from a judgment entered after the trial court granted a renewed summary judgment motion in a cross-defendant's favor as to an indemnification claim for personal injury liability.  Finding no error, we affirm.

The trial court ruled that a provision in a subcontract between cross-complainant and appellant FP Contracting, Inc. (FP) and cross-defendant and respondent Doo-Rite Painting, Inc. (Doo-Rite) barred FP's express indemnity and declaratory relief claims.  The provision states that Doo-Rite has no obligation to indemnify and defend FP for "any claims arising from the active negligence or sole willful misconduct of Owner or [FP] or their agents or employees . . . ."  (See Factual & Procedural Background, *post*.)  The subcontract required Doo-Rite to provide painting services at a Food 4 Less store.

A Doo-Rite employee sued for personal injury alleging he was injured when a driver of a tractor-trailer backed into a stationary container that hit the Doo-Rite employee.[1]  One of the defendants in that action, Alpha Beta Company doing business as Food 4 Less (Alpha Beta), filed a cross-complaint for indemnity against FP, and FP in turn filed a cross-complaint against Doo-Rite for express indemnity and declaratory relief.  In granting Doo-Rite's renewed summary judgment motion, the trial court found as a matter of law that the "Owner" referenced in the subcontract was Ralphs Grocery Company (Ralphs), Ralphs employed the driver of the tractor-trailer, and the Doo-Rite employee's claims arose from the driver's active negligence.

On appeal, FP argues the trial court erred in sustaining Doo-Rite's objections to interrogatory responses in which

---

[1]  FP and Doo-Rite are the only parties to this appeal.

2

Alpha Beta stated the driver was its employee, and there is a triable issue regarding whether the Doo-Rite employee's claims arose from the driver's active negligence.

We reject FP's first argument because, even assuming arguendo Alpha Beta's discovery responses were admissible, no reasonable fact finder could find Alpha Beta employed the driver. There is no dispute that Alpha Beta's discovery responses were based on its initial mistaken belief that the driver was its employee, Ralphs's counsel attested that Ralphs owned the tractor-trailer and it was being driven by a Ralphs employee, Ralphs was the owner of the store where the incident occurred, one of FP's officials testified that the driver was wearing a Ralphs uniform, and the driver admitted Ralphs was his employer. As to FP's second argument, there is no triable issue of fact as to whether the Doo-Rite employee's personal injury claims arose from the driver's active negligence, given that the driver backed the tractor-trailer into a stationary container that allegedly hit the Doo-Rite employee and caused him to suffer injuries.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

FP entered into a subcontract with Doo-Rite to provide painting services for a renovation project at a Food 4 Less store

---

[2] We derive our Factual and Procedural Background in part from undisputed aspects of the trial court's rulings and admissions made by the parties in their appellate briefing. (See *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[A] reviewing court may make use of statements [in briefs and argument] . . . as admissions against the party [advancing them].' "].)

3

that is owned by Ralphs. The subcontract contains an express indemnity provision, which states in pertinent part: "To the fullest extent permitted by law, Subcontractor shall indemnify, hold harmless and defend Owner, Contractor and their agents, employees, sureties and representatives from all claims, demands, causes of actions [*sic*] and liabilities of every kind and nature whosoever [*sic*] arising out of or in connection with Subcontractor's operations, work performed under this Agreement, and the scope of work identified in this Agreement. This indemnity and duty to defend shall apply regardless of any passive negligent act or omission of Owner or Contractor, or their agents or employees. However, Subcontractor's obligation to indemnify and defend pursuant to this Agreement shall not pertain to any claims arising from the active negligence or sole willful misconduct of Owner or Contractor or their agents or employees . . . ." The subcontract defines the "Contractor" as FP and the "Subcontractor" as Doo-Rite.

After FP and Doo-Rite executed the subcontract, one of Doo-Rite's employees, Onesimo Benitez Hernandez, reported to a location near the store's loading dock to prepare the area for painting. At around the same time, Rudolfo Trujillo attempted to back a tractor-trailer up to a loading ramp near where Hernandez was working. In the course of attempting this maneuver, Trujillo backed the tractor-trailer into a stationary container. Hernandez alleges that the tractor-trailer pushed the stationary container into him causing him injury.

Hernandez and Maricela Benitez (plaintiffs) filed the instant personal injury action against The Kroger Co. (Kroger); Ralphs; Food 4 Less Holdings, Inc.; and Alpha Beta. Plaintiffs

4

later dismissed Kroger; Ralphs; and Food 4 Less Holdings, Inc. without prejudice.

Alpha Beta filed a cross-complaint for declaratory relief and indemnification against Doo-Rite and FP. FP later filed a second amended cross-complaint against Doo-Rite; Alpha Beta; Ralphs; Kroger; and Kroger Dedicated Logistics Co. FP alleged causes of action for express indemnity, breach of contract, and declaratory relief against Doo-Rite.

Doo-Rite moved for summary judgment or, in the alternative, summary adjudication as to FP's second amended cross-complaint. The trial court issued an order denying summary judgment but granting summary adjudication as to FP's breach of contract cause of action.[3]

Doo-Rite filed a renewed motion for summary judgment. The trial court granted the renewed motion on the ground that the indemnity provision in the subcontract barred FP from recovering on its express indemnity and declaratory relief causes of action against Doo-Rite. In particular, the court found as a matter of law that Trujillo was employed by Ralphs, Ralphs is the "Owner" referenced in the indemnity provision, and plaintiffs' claims arose out of Trujillo's active negligence.

The trial court subsequently entered judgment in favor of Doo-Rite on FP's second amended cross-complaint. FP timely appealed the judgment.

---

[3] FP does not challenge the trial court's order granting Doo-Rite's motion for summary adjudication on the breach of contract claim.

5

## APPLICABLE LAW

" 'Summary judgment is appropriate only "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." ' [Citation.]" (*Barenborg v. Sigma Alpha Epsilon Fraternity* (2019) 33 Cal.App.5th 70, 76 (*Barenborg*).) "Under summary judgment law, ' "[t]here is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." [Citation.]' . . . [Citation.]" (*Lares v. Los Angeles County Metropolitan Transportation Authority* (2020) 56 Cal.App.5th 318, 331–332 (*Lares*).) A court applying this standard must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." (See *Barenborg*, at p. 76.)

" 'We review the ruling on a motion for summary judgment de novo, applying the same standard as the trial court.' [Citation.]" (*Barenborg, supra,* 33 Cal.App.5th at p. 76.) " '[A] different analysis is required for our review of the trial court's . . . rulings on evidentiary objections. Although it is often said that an appellate court reviews a summary judgment motion 'de novo,' the weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an

abuse of discretion standard.  [Citations.]' [Citation.]"[4]  (*Michaels v. Greenberg Traurig, LLP* (2021) 62 Cal.App.5th 512, 521.)

" ' "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." [Citation.]' [Citation.] Thus, ' " 'it is the appellant's responsibility to affirmatively demonstrate error' " ' by ' " 'supply[ing] the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " [Citation.]' [Citations.]" (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776–777 (*Association for Los Angeles Deputy Sheriffs*).)  The presumption of correctness applies " '[e]ven when our review on appeal "is de novo," ' " meaning that although we " 'would not be bound by, or . . . required to show any deference to, the trial court's conclusion[s,]' " the scope of our review " ' "is limited to issues which have been adequately raised and supported in [the appellant's opening] brief.  [Citations.] . . . " ' [Citation.] . . . [Citation.]" (See *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555.)

"Additionally, '[w]hen the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more

---

[4]  We agree with Doo-Rite that FP "waived any argument that the renewed motion [for summary judgment] was procedurally improper" when FP failed to raise that contention on appeal.  (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*) [" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "].)

7

favorable to the appealing party would have been reached.' [Citation.] An appellant bears the burden of satisfying this state law prejudice standard." (*Association for Los Angeles Deputy Sheriffs*, *supra*, 94 Cal.App.5th at p. 777.)

## DISCUSSION

As we noted in our Factual and Procedural Background, *ante*, the express indemnity provision of FP's and Doo-Rite's subcontract provides that Doo-Rite's "indemnity and duty to defend [obligations] shall apply regardless of any passive negligent act or omission of Owner or Contractor, or their agents or employees," but this "obligation to indemnify and defend . . . shall not pertain to any claims arising from the active negligence or sole willful misconduct of Owner or Contractor or their agents or employees . . . ."

Under this provision, FP's express indemnity cause of action against Doo-Rite fails if three elements are satisfied: (1) Ralphs is the "Owner" referenced in the indemnity provision; (2) Trujillo was Ralphs's employee; and (3) plaintiffs' claims arose from Trujillo's active—and not passive—negligence. FP does not contest the trial court's rulings that (1) Ralphs is the "Owner" for the purpose of the indemnity provision; and (2) FP cannot prevail on its declaratory relief cause of action if FP's express indemnity claim fails as a matter of law. Rather, FP argues there are triable issues of material fact regarding the identity of Trujillo's employer and whether "Trujillo was actively negligent . . . ." Those arguments fail for the reasons set forth below.

8

**A.	Any Error In Sustaining Doo-Rite's Evidentiary Objections Was Harmless Because There Is No Triable Issue Regarding the Identity of Trujillo's Employer**

FP argues it established a triable issue regarding the identity of Trujillo's employer by directing the trial court to (1) a response to one of FP's special interrogatories in which Alpha Beta referred to Trujillo as its former employee, and (2) a response to one of plaintiffs' form interrogatories in which Alpha Beta indicated that Trujillo was its employee. After Alpha Beta served its responses to these interrogatories, the trial court granted a motion filed by Ralphs; Alpha Beta; Kroger; and Kroger Dedicated Logistics Co. (collectively, the Kroger Parties) to withdraw responses to certain requests for admission in which Alpha Beta had admitted Trujillo was its employee. In support of that motion, the Kroger Parties admitted that Ralphs was Trujillo's employer, and they asserted that Alpha Beta's prior admissions to the contrary were made in error.

Doo-Rite objected to FP's introduction of Alpha Beta's interrogatory responses on the grounds that this evidence was "[i]rrelevant" and "contradict[ed] . . . deposition testimony." FP argues the trial court erred in sustaining these objections because the interrogatory responses had not been amended or withdrawn; "[i]t is not proper for the court to weigh evidence at the summary judgment stage"; FP was not "contradict[ing] its own admissions through the use of an affidavit" but instead "simply utiliz[ing] another party's discovery responses"; and although FP's superintendent testified at his deposition that "Trujillo was wearing a shirt with a Ralphs' emblem," this FP

9

official did not "unequivocally admit that Trujillo was a Ralphs' employee . . . ."

We need not resolve whether the trial court abused its discretion in sustaining Doo-Rite's evidentiary objections because any such error was harmless. Specifically, even if Alpha Beta's interrogatory responses were admissible, they do not give rise to a triable issue of material fact regarding the identity of Trujillo's employer.

In granting Doo-Rite's summary judgment motion, the trial court explained that "[t]he Kroger Parties[ ] filed a declaration of their counsel in support of the motion to withdraw admissions, who indicated that the truck . . . was owned by . . . Ralphs Grocery Company and was driven by a Ralphs Company employee."[5] According to the court, the Kroger Parties' counsel also attested that the attorney's "client confirmed that an error in their notes had indicated the incident occurred at a Food 4 [L]ess Store, when the incident should have been reported as a motor vehicle accident with a Ralphs Grocery Company truck."[6] The court further observed: (1) FP did not dispute that "Ralphs is the owner of th[e] Food 4 Less store" where "the subject incident occurred"; (2) FP's superintendent "testified in his deposition in this action that the driver was in [a] Ralphs uniform and that he

---

[5] Although the Kroger Parties' counsel stated in her declaration that "[t]he truck *which hit Plaintiff* was owned by . . . Ralphs Grocery Company" (italics added), this appears to be based on counsel's mistaken belief that the tractor-trailer itself had hit Hernandez.

[6] Admittedly, the Kroger Parties' counsel did not identify with precision which client made this error. Nevertheless, this ambiguity has no apparent bearing on the instant appeal.

10

was identifiable as a Ralphs truck driver"; and (3) "Trujillo testified that Ralphs was his employer at the time of the subject accident." FP does not challenge any of these findings on appeal, nor does FP contest Alpha Beta's claim that it had mistakenly identified Trujillo as its employee.

We acknowledge that in ruling on a summary judgment motion, " ' "the court may not weigh the [nonmovant's] evidence or inferences against the [movant's evidence] as though it were sitting as the trier of fact . . . ." ' [Citation.]" (See *Lares*, *supra*, 56 Cal.App.5th at pp. 331–332.) Nevertheless, as we noted in our Applicable Law, *ante*, " ' "[t]here is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. [Citation.] . . ." ' [Citation.]" (*Lares*, at pp. 331–332.) Given the aforesaid evidence that Ralphs employed Trujillo and that Alpha Beta's representations to the contrary were made in error, no rational factfinder could find that Alpha Beta was Trujillo'semployer. (Cf. *People v. Schlimbach* (2011) 193 Cal.App.4th 1132, 1142, fn. 9 ["[A] trial court may weigh the credibility of a declaration submitted in opposition to a summary judgment motion and grant the motion 'where the declaration is facially so incredible as a matter of law that the moving party otherwise would be entitled to summary judgment.' "].) Therefore, FP fails to establish the trial court prejudicially erred in sustaining Doo-Rite's evidentiary objections.

We acknowledge that according to Doo-Rite, "Hernandez originally asserted claims against several different Kroger entities but was persuaded to dismiss all of them without prejudice except for Alpha Beta based on assurance from the

11

Kroger entities' attorneys that Alpha Beta employed Trujillo and was the proper party defendant." On appeal, however, FP does not claim prejudice from Alpha Beta's repudiation of its prior representations that it was Trujillo's employer. Accordingly, we need not resolve that issue sua sponte. (See *Cahill*, *supra*, 194 Cal.App.4th at p. 956.)

We further observe that any such argument would likely fail because the record suggests that FP did not suffer any such prejudice. In the course of granting the Kroger Parties' motion to withdraw Alpha Beta's admissions, the trial court noted, in an order issued more than six months before the court granted Doo-Rite's renewed summary judgment motion, that Alpha Beta's and Ralphs's counsel had represented that the attorney was "willing to stipulate that Ralphs be substituted in as a defendant in place of Alpha Beta, that Alpha Beta/Ralphs w[ould] amend discovery responses to reflect proper answers from Ralphs, and that Alpha Beta w[ould] make a person most knowledgeable regarding who is Mr. Trujillo's employer available for deposition." On account of counsel's representations, the court "order[ed] that Plaintiffs and/or FP may pursue additional discovery related to the issue of Mr. Trujillo's employer." The court also explained, "[A]ll parties ha[d] been on notice of this issue for two years" because in October 2019, the court had denied Ralphs's motion for leave to "amend various answers filed by Alpha Beta by substituting Ralphs for Alpha Beta."

In sum, we reject FP's assertion that the trial court reversibly erred by sustaining Doo-Rite's objections to Alpha Beta's interrogatory responses.

12

**B.   FP Fails To Establish a Triable Issue Regarding Whether Plaintiffs' Claims Arose From Trujillo's Active Negligence**

"Passive negligence is found in mere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty imposed by law.  [Citations.]  Active negligence, on the other hand, is found if [a tortfeasor] has personally participated in an affirmative act of negligence, was connected with negligent acts or omissions by knowledge or acquiescence, or has failed to perform a precise duty which the [tortfeasor] had agreed to perform.  [Citations.]  'The crux of the inquiry is to determine whether there is participation in some manner by the [tortfeasor] in the conduct or omission which caused the injury beyond the mere failure to perform a duty imposed upon him by law.' [Citation.]"  (See *Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 629 (*Rossmoor Sanitation, Inc.*).)

"Whether conduct constitutes active or passive negligence depends upon the circumstances of a given case and is ordinarily a question for the trier of fact; active negligence may be determined as a matter of law, however, when the evidence is so clear and undisputed that reasonable persons could not disagree." (*Rossmoor Sanitation, Inc.*, *supra*, 13 Cal.3d at p. 629.)

FP argues that a jury could find Trujillo did not act negligently in backing up the tractor-trailer, but instead by failing to check his mirrors, ask for help, or get out of the vehicle to check his surroundings before backing up the tractor-trailer. FP contends that if the jury finds Trujillo was negligent because he failed to undertake any of these safety measures, then plaintiffs' claims arose from his passive negligence.

13

Whether Trujillo engaged in active negligence does not hinge on whether his affirmative conduct, in and of itself, will be found to have been negligent by the trier of fact.  Rather, the key consideration is Trujillo's degree of involvement in the injury-causing event.[7]  For instance, in *Morgan v. Stubblefield* (1972) 6 Cal.3d 606 (*Morgan*), a contractor's decision to dig a hole that led to the plaintiffs' injury was not, in and of itself, conduct amounting to active negligence.  Rather, the contractor's decision to dig the hole and leave it "uncovered . . . with no device to hold it in place" and "insufficient illumination . . . for safety, all in violation of construction safety orders," constituted active negligence.[8]  (See *Morgan*, at pp. 612, 626–627.)  Put differently, even though the contractor's liability for negligence arose in part from certain omissions, it was still deemed to have "participated in an affirmative act of negligence which caused the injury" such that the contractor was "guilty of active negligence as a matter of law."  (See *id.* at pp. 626–627.)

Here, Trujillo "participated in some manner in the conduct . . . which caused the injury" by backing up the tractor-trailer.  (See *Morgan*, *supra*, 6 Cal.3d at p. 626.)  Thus, regardless of whether Trujillo breached his duty of care to plaintiffs by

---

[7] (See *Rossmoor Sanitation, Inc.*, *supra*, 13 Cal.3d at p. 629 [" 'The crux of the inquiry is to determine whether there is *participation in some manner by the [tortfeasor] in the conduct or omission which caused the injury* beyond the mere failure to perform a duty imposed upon him by law[,]' " italics added].)

[8] The plaintiffs were "electricians who were seriously injured when they fell from a rolling scaffold which toppled over after one of its wheels fell into [the] hole . . . ."  (See *Morgan*, *supra*, 6 Cal.3d at pp. 612–613.)

14

virtue of certain omissions (e.g., failure to check his mirrors), no reasonable factfinder could conclude that his liability for negligence arises solely from his " 'failure to perform a duty imposed upon him by law' " as would be required to conclude that his negligence was merely passive. (See *Rossmoor Sanitation, Inc.*, *supra*, 13 Cal.3d at p. 629.) Accordingly, the trial court did not err in ruling as a matter of law that plaintiffs' claims arose from Trujillo's active negligence.

## DISPOSITION

The judgment is affirmed. Cross-defendant and respondent Doo-Rite Painting, Inc. is awarded its costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.

We concur:



ROTHSCHILD, P. J.



WEINGART, J.